UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES VIX and BARBARA STUART,<br><br>Plaintiffs,<br><br>v.<br><br>AGENTS FOR INTERNATIONAL MONETARY FUND, INTERNAL REVENUE SERVICE DISTRICT DIRECTOR, SPECIAL PROCEDURES FUNCTION OFFICER and THEIR PRINCIPAL; GOVERNOR OF AKA SECRETARY OF THE TREASURY AND THEIR PRINCIPAL; GOVERNOR OF AKA SECRETARY OF THE TREASURY,<br><br>Defendants. | Case No. 2:13-cv-02093-APG-PAL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 8] |

The United States of America, acting as a defendant in this case, filed a Motion to Dismiss [Dkt. #8] the Complaint filed by plaintiffs Barbara Stuart and James Vix. For the following reasons, the Court grants the motion without prejudice.

I. **BACKGROUND**

Plaintiffs James Vix and Barbara Stuart filed a Complaint inscrutably entitled: "In Admiralty: Libel of Review, Complaint of Involuntary Servitude and Peonage. In re All Property and Rights to Property of the (Vix & Stuart) Their Estate International Monetary Fund." [Dkt. #1.] Despite the Complaint's reference to admiralty law, this case appears to arise out of liens and levies the Internal Revenue Service ("IRS") imposed on Plaintiffs for failure to pay taxes. Plaintiffs imply, based on vague and dubious reasoning, that the tax liens and levies do not hold

water. Plaintiffs demand a return of money taken by the IRS and the removal of all tax liens and levies.[1]

## II. ANALYSIS

### A. Legal Standard – Motion to Dismiss Pro Se Plaintiffs

The Court will dismiss a claim only if it is convinced beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *See Conely v. Gibson*, 355 U.S. 41, 45–56 (1957). In deciding a motion to dismiss, the Court considers allegations contained in the complaint, exhibits attached to the complaint, as well as such affidavits and testimony as needed to resolve factual disputes concerning the existence of jurisdiction. *See, e.g., Parks Scho. of Bus., Inc. v. Syminton*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Federal Deposit Insurance Corp. v. Nichols*, 885 F.2d 633, 635–36 (9th Cir. 1989).

The Court is cognizant of the fact that Plaintiffs are proceeding *pro se*. Courts hold lay plaintiffs to less stern construction standards than those to which it holds lawyers. *Pro se* pleadings are "liberally construed ... however inartfully pleaded." *Estelle v. Gamble*, 429 U.S. 97, 106 (1995) (internal quotation marks omitted); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Nevertheless, lay plaintiffs must comply with the same rules of procedure as other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)). Courts are not advocates for litigants who choose to proceed without counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Plaintiffs Have Not Effectuated Proper Service on Any Defendant

As an initial matter, Plaintiffs have not effectuated proper service on any defendant. Plaintiffs enigmatically name as defendants the following parties: "Agents for the International Monetary Fund Internal Revenue Service, District Director, Special Procedures Function Officer and their Principal Governor of International Monetary Fund to aka Secretary of the Treasury."

---

[1] Similar complaints have been addressed and dismissed by this and many other federal district courts. *See, e.g., Kahre v. U.S.*, 2003 WL 21001012 (D. Nev. 2003) (not published); *Stamp v. Agents for Int'l Monetary Fund*, 1995 WL 661247 (D. Nev. 1995) (not published); *Thurber v. Agents for Int'l Monetary Fund*, 2010 WL 2991593 (D. Ariz. 2010) (not published).

[Dkt. #1.] As best the Court can parse these defendants, Plaintiffs name unspecified agents of the International Monetary Fund, two nonexistent federal officials (The IRS District Director and Special Procedures Function Officer), and the Secretary of the Treasury. However, the allegations in the Complaint implicate only the Internal Revenue Service.

Even if the named parties were proper entities for service, Plaintiffs have failed to properly serve them. Federal Rule of Civil Procedure 4 prescribes the manner in which plaintiffs must serve defendants. A summons and complaint must be served on each defendant within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(c), (m). Plaintiffs filed their complaint on November 13, 2013, and have not provided evidence of service on any named defendant as of the date of this Order. Plaintiffs apparently attempted to serve only two entities: the Department of Treasury [Dkt. #6], and the Attorney General, who is not a named defendant in this suit [Dkt. #7].

Construing this *pro se* pleading liberally, the action is most properly brought against the United States, which has filed the pending motion to dismiss. Plaintiffs' Complaint identifies as defendants several unspecific federal officials, but the allegations describe actions taken by those individuals in their official capacities on behalf of the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458–59 (9th Cir. 1985). Further, Plaintiffs' attempted service on the Attorney General, and "[t]he remedies sought in the complaint (i.e., the return of seized property, the release of federal tax liens ... ) indicate that this action is against the United States, regardless of how it is styled." *Stamp*, 1995 WL 661247 at *1.

Nor have Plaintiffs properly served the United States. Proper service requires delivering a copy of the summons and the complaint to the United States Attorney's office for the district where the action is brought, and mailing a copy to the Attorney General of the United States. Fed.R.Civ.P. 4(i). Plaintiffs did neither.[2]

---

[2] Because Plaintiffs failed to serve the United States (or any defendant), the Court lacks personal jurisdiction over any defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, the Court is without jurisdiction to order any defendant to show cause. Plaintiffs' request for a show cause hearing [Dkt. #16] is therefore denied.

Although the considerable leeway afforded *pro se* plaintiffs may in many cases warrant extended time to properly serve, here more time would be futile because Plaintiffs' Complaint is defective for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[3]

### C. Lack of Subject Matter Jurisdiction

Even if the Plaintiffs had properly served the United States, the Complaint fails to establish that this Court has subject matter jurisdiction. When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction, in order to avoid dismissal. *See Tosco v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

The United States has sovereign immunity from suit unless it expressly waives that immunity by consent to suit. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). Sovereign immunity cannot be "avoided by naming officers and employees of the United States as defendants." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The burden is on the plaintiff to find and prove an "explicit waiver of sovereign immunity." *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). Therefore, a complaint must be dismissed absent a showing of an express waiver of immunity from suit by the United States.

To the extent that Plaintiffs challenge their underlying tax liability and the procedure by which the determination was made, this Court has no jurisdiction. When a taxpayer disputes his "underlying income tax liability, judicial review over a determination made in a Collection Due Process hearing lies in the United States Tax Court, not the district court." *See Kahre v. U.S.*,

---

[3] As described in the Court's order granting the United States' Motion to Strike Plaintiffs' surreplies, Plaintiffs filed a single document which purports to contain four separate motions, including a motion to amend complaint and a "Request Leave to Correct Summons." Plaintiffs' "Motion to Amend Complaint" [Dkt. #14] fails to follow Local Rule 15-1(a), which requires a moving party to attach the proposed amended pleading to any motion to amend. Accordingly, that motion is denied without prejudice. Plaintiffs' motion for leave to correct their defective service [Dkt. #15], construed as a motion to extend time to effectuate service, is denied because service of the Complaint would be futile.

2003 WL 21001012, *2 (D. Nev. 2003) (citing *Bartschi v. Tracy*, 2001 WL 1338795, *3 (D.Ariz. Sept. 5, 2001)).

      Plaintiffs characterize one or more tax liens as "illegal." Construed with liberality, Plaintiffs may be alleging that the IRS's assessment and collection actions violated the law, entitling Plaintiffs to damages pursuant to 26 U.S.C. §§ 7432 and 7433. Those sections of the Internal Revenue Code waive the sovereign immunity of the United States with regard to civil actions for damages where any officer or employee of the IRS knowingly or negligently fails to release a lien on the property of the taxpayer, or recklessly, intentionally or negligently disregards any provision of the Internal Revenue Code in connection with a collection of federal tax with respect to a taxpayer. Both provisions require a plaintiff to exhaust administrative remedies before filing suit. *See* 26 U.S.C. §§ 7432(d), and 7433(d). Failure to exhaust these remedies deprives the Court of jurisdiction. *See Information Resources Inc. v. United States*, 950 F.2d 1122 (5th Cir. 1992). Here, Plaintiffs have not pleaded sufficient facts in their complaint to show they have exhausted their administrative remedies. *Berridge v. Heiser*, 993 F.Supp. 1136, 1149 (S.D. Ohio 1997) (Plaintiff bears the burden of pleading, production, and proof).

      To the extent Plaintiffs seek a tax refund,[4] "[a] timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit." *Martin v. United States*, 833 F.2d 655, 658–59 (7th Cir. 1987). Plaintiffs make no allegation that they have made a timely and sufficient claim for a refund, which would have required them to first pay their taxes. 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any tax ... until a claim for refund or credit has been filed with the [IRS]."); *Flora v. United States*, 362 U.S. 145, 150–51 (1960) ("We conclude that the language of § 1346(a)(1) can be more readily construed to require payment of the full tax before suit than to permit suit for recovery of a part payment."). Accordingly, the Court is without jurisdiction to grant Plaintiffs a refund of collected taxes.

---

[4] Despite characterizing their suit as "not really a refund suit" [Dkt. #11 at 4, ¶ 7], Plaintiffs' Complaint expressly seeks a refund.

Similarly, the Court is without jurisdiction to grant Plaintiffs the injunctive relief they seek. "Actions to enjoin the collection of taxes are narrowly limited by the Anti-Injunction Act, 26 U.S.C. § 7421. If a taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the Act, the district court lacks subject matter jurisdiction and must dismiss the complaint." *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987). 26 U.S.C. § 7421 lists several exceptions, and Plaintiffs have not alleged that any of these exceptions apply. A judicial exception to the Anti-Injunction Act exists if the government's claim is "baseless" and the taxpayer is entitled to equitable relief because there is "no adequate remedy at law." *Church of Scientology of Cal. v. United States*, 920 f.2d 1481, 1486 (9th Cir. 1990) (internal quotations omitted). Plaintiffs have not alleged facts supporting the judicial exception. *See Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 314 (9th Cir. 1982) (finding a refund action is an adequate remedy of law). Thus Plaintiffs fail to establish that this Court has jurisdiction over any injunctive relief claims.

Aside from tax law, no other bases for jurisdiction apply to Plaintiffs' factual allegations, despite a sea of inapposite statutes that Plaintiffs' Complaint cites (most notably statutes regulating activity that occurs in navigable waters).

### D.     Failure to State a Claim

Plaintiffs attempt to characterize their claims as Due Process violations, based on the United States' use of tax liens and levies. The Ninth Circuit has refused to recognize a constitutional violation arising from the collection of taxes. *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990). The IRS may collect taxes using tax liens and levies. *See, e.g., United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985); *United States v. Rodgers*, 461 U.S. 677, 680–92 (1983); 26 U.S.C. § 6321. Thus, Plaintiffs' factual allegations do not support a due process claim, or any other claim upon which relief can be granted.

### III.    CONCLUSION

For the reasons above, IT IS ORDERED that the United States' Motion to Dismiss [Dkt. # 8] is GRANTED and all of Plaintiffs' claims for relief other than claims based on 26 U.S.C. §§

7432 and 7433 are DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction, and failure to state a claim.

IT IS FURTHER ORDERED that all of Plaintiffs' claims for relief that state causes of action against the United States of America on the basis of 26 U.S.C. §§ 7432 and 7433 are DISMISSED WITHOUT PREJUDICE for insufficient process, improper service, and failure to exhaust administrative remedies.  Only if the facts support doing so, Plaintiffs may amend their complaint within 30 days of this order to comply with the contents herein.  Plaintiffs may not include in their amended complaint any Defendants except the United States.  If an amendment is filed it must be properly served.

IT IS FURTHER ORDERED that Plaintiffs' "Motion to Amend Complaint" [Dkt. #14], motion for leave to correct their defective service [Dkt. #15], and request for a show cause hearing [Dkt. #16] are DENIED.

DATED THIS 25th day of March, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE