UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES VIX and BARBARA STUART,<br><br>Plaintiffs,<br><br>v.<br><br>AGENTS FOR INTERNATIONAL MONETARY FUND, INTERNAL REVENUE SERVICE DISTRICT DIRECTOR, SPECIAL PROCEDURES FUNCTION OFFICER and THEIR PRINCIPAL; GOVERNOR OF AKA SECRETARY OF THE TREASURY AND THEIR PRINCIPAL; GOVERNOR OF AKA SECRETARY OF THE TREASURY,<br><br>Defendants. | Case No. 2:13-cv-02093-APG-PAL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SURREPLY DOCUMENT #13**<br><br>[Dkt. #17] |

Defendant United States of America filed a Motion to Dismiss [Dkt. #8] the complaint filed by plaintiffs Barbara Stuart and James Vix. Plaintiffs filed their Response to the USA's motion [Dkt. #11], and the USA filed a reply [Dkt. #12.] On March 4, 2014, Plaintiffs filed a single document with four titles: "OPPOISION [sic] TO UNITED STATE [sic] TO REPLY FROM PETITIONERS ANSWER TO MOTION TO DISMISS," "REQUEST TO AMEND COMPLAINT AND FOR DISCOVERY," "REQUEST LEAVE TO CORRECT SUMMONS," and "REQUEST A SHOW CAUSE HEARING." This document is properly considered a rogue surreply. The conclusion section of Plaintiffs' surreply includes a single sentence requesting "leave to correct the summons issue, and leave to amend [their] complaint and Discovery which would amend the complaint or grant us a show cause hearing so the US Attorney can provide evidence to disprove the FACTS listed above." [Dkt. #14 at p. 14.] The court's electronic filing

1  system listed this document as four separate motions, [Dkt. ##13-16].[1] The USA filed a Motion
2  to Strike all four surreplies. [Dkt. #17.]

3　　　　Courts hold lay plaintiffs to less stringent construction standards than the standards to
4  which it holds lawyers. *Pro se* pleadings should "be liberally construed … however inartfully
5  pleaded." *Estelle v. Gamble*, 429 U.S. 97, 106 (1995) (internal quotation marks omitted); Fed. R.
6  Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Nevertheless, lay
7  plaintiffs must comply with same rules of procedure as other litigants. *See Ghazali v. Moran*, 46
8  F.3d 52, 54 (9th Cir.1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)).

9　　　　Local Rule 7-2 allows a motion, a response and a reply. Neither the Federal Rules of
10 Civil Procedure nor the local rules of this court provide for additional oppositions (often
11 mislabeled "surreplies") as a matter of right. A surreply may be filed only with leave of the
12 Court, and only to address new matters raised in a reply to which a party would otherwise be
13 unable to respond.

14　　　　Plaintiffs have not moved the Court for, nor has the Court granted, leave to file a surreply.
15 Further, the Court does not see the need for a surreply in this case. As such, the Court hereby
16 GRANTS Defendant's motion to strike Plaintiff's "OPPOISION TO UNITED STATE [*sic*] TO
17 REPLY FROM PETITIONERS ANSWER TO MOTION TO DISMISS" [Dkt. #13]. Plaintiffs'
18 three related motions [Dkt. ##14-16] are addressed in this Court's Order Granting Defendants'
19 Motion to Dismiss.

20　　　　IT IS ORDERED that Plaintiffs' surreply [Dkt. #13] is stricken from the record.
21　　　　DATED THIS 25th day of March, 2014.

　　　　　　　　　　　　　　　　　　　　　　　　　ANDREW P. GORDON
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] United States District Court, District of Nevada, "Special Order 109" at page 4, *available at* http://www.nvd.uscourts.gov/Files/Electronic%20FilingProcedures.pdf (Plaintiff must file a separate document for each type of document or purpose).